RECEIVED
IN CLERK'S OFFICE

APR 24 2012

U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT

FOR THE _Middle_ DISTRICT OF TENNESSEE

_____ DIVISION

I/m
Kelvin Radley _____ Name )
)
Prison Id. No. _190256_ )
)
)
_____ Name )
)
Prison Id. No. _____ )
)
Plaintiff(s) )
)
)
)
)
v. )
1. Davidson county sheriffs office -Daren Hall )
2. Warden Dan Weikal _____ Name )
3 chief of Staff, Jamie Johnson )
_____ Name )
4. Davidson county sheriffs dept, Medical DR logan )
Defendant(s) )
5. C/o Davidson county sheriffs officer )
officer Michael Grau lug. 6. C/o Collins 7. C/o Classification Dept.
8. defendant
C/o Noathan
9. C/o Collins "

(List the names of all the plaintiffs
filing this lawsuit. Do not use "et
al." Attach additional sheets if
necessary.

Civil Action No. _____
(To be assigned by the Clerk's
office. Do not write in this space.)

Jury Trial ☑ Yes ☐ No

(List the names of all defendants
against whom you are filing this
lawsuit. Do not use "et al." Attach
additional sheets if necessary.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
FILED PURSUANT TO 42 U.S.C. § 1983

I. PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)

A. Have you or any of the other plaintiffs in this lawsuit filed any other lawsuits in the
United States District Court for the Middle District of Tennessee, or in any other federal
or state court?

☑ Yes ☐ No

B. If you checked the box marked "Yes" above, provide the following information:

1. Parties to the previous lawsuit:

Plaintiffs _Kelvin Radley_____

Defendants _Tennesse Department of correction et all
DR otool, Jack Anderson, Alisha edwards
Dyna hefner_

2. In what court did you file the previous lawsuit? *Federal* *Middle District of Columbia*

(If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.

3. What was the case number of the previous lawsuit? *don't remember"*

4. What was the Judge's name to whom the case was assigned? *William J Hynes JR.*

5. When did you file the previous lawsuit? *can't remember* *2003 or 04* (Provide the year, if you do not know the exact date.)

6. What was the result of the previous lawsuit? For example, was the case dismissed, appealed, or still pending? *dismissed Due to the lack of my lack of knowledge about civil law"*

7. When was the previous lawsuit decided by the court? *2005-06* *can't remember!* (Provide the year, if you do not know the exact date.)

8. Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit.

☐ Yes    ☒ No *It was not the same circumstances, But one is a health issue, But not Mental health.*

(If you have filed more than one prior lawsuit, list the additional lawsuit(s) on a separate sheet of paper, and provide the same information for the additional lawsuit(s).) *none*

II. **THE PLAINTIFF'S CURRENT PLACE OF CONFINEMENT** (The following information must be provided by each plaintiff.)

A. What is the name and address of the prison or jail in which you are currently incarcerated? *Davidson County Sheriffs office Criminal Justice center,*

B. Are the facts of your lawsuit related to your present confinement?

☒ Yes    ☐ No

C. If you checked the box marked "No" in question II.B above, provide the name and address of the prison or jail to which the facts of this lawsuit pertain.

_____

D. Do the facts of your lawsuit relate to your confinement in a Tennessee State Prison?

☐ Yes    ☒ No

If you checked the box marked "No," proceed to question II.H.

E. If you checked the box marked "Yes" in question II.D above, have you presented these facts to the prison authorities through the state grievance procedure?

☑ Yes ☐ No

F. If you checked the box marked "Yes" in question II.E above:

1. What steps did you take? *I filed Grievance See Exhibit "A" on medical complaint I was refused treatment EXHIBIT "A"*

2. What was the response of prison authorities? *Not Sustain my Grievance presented question in my claims against Medical Department and Stated on Grievance, DSO Nurse S, Shandes AGREE*

G. If you checked the box marked "No" in question II.E above, explain why not. *She Spoke of my evidence I never Signed a Refusing on Medical SICK Call or anyone never Signed "4" (EPH?"*

H. Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.)? *Negligence*

☑ Yes ☐ No

I. If you checked the box marked "Yes" in question II.H above, have you presented these facts to the authorities who operate the detention facility?

☑ Yes ☐ No

J. If you checked the box marked "Yes" in question II.I above:

1. What steps did you take? *filed Grievances about the Assult on my Person ACJC facility warden Dan Wan (Wetka) Dhentog's Darren Hall or Child's Stove*

2. What was the response of the authorities who run the detention facility? *Jamie Johnson never Responded to any Grievances or my Assult and other medical problems and safety Problems was never Told to them.*

L. If you checked the box marked "No" in question II.I above, explain why not. *Prison officials Stoped me from filing Charges or with help me and Step is from Fifing a Police Report and charges on my Assult by K. Moore.*

Attach copies of all grievance related materials including, at a minimum, a copy of the grievance you filed on each issue raised in this complaint, the prison's or jail's response to that grievance, and the result of any appeal you took from an initial denial of your grievance. *Due Process "Right Violation" See Exhibit B Write up See Exhibit C Assult Admit in By K. Moore*

## III. PARTIES TO THIS LAWSUIT

A. Plaintiff(s) bringing this lawsuit:

1. Name of the first plaintiff: *Kelvin Radley*

   Prison Id. No. of the first plaintiff: _____

*page-2 defendants*

Address of the first plaintiff: DCSO **HDC** PoBox - 196383
Nashville TN - 37219 - 6383
. (Include the name of the institution and mailing address, including zip code.
If you change your address you must notify the Court immediately.)

2. Name of second the plaintiff: _____

Prison Id. No. of the second plaintiff: _____

Address of the second plaintiff: _____

_____

(Include the name of the institution and mailing address, including zip code.
If you change your address you must notify the Court immediately.)

If there are more than two plaintiffs, list their names, prison identification
numbers, and addresses on a separate sheet of paper.

B. Defendant(s) against whom this lawsuit is being brought:

1. Name of the first defendant: Davidson County sheriff official spectal
and official Darden Hult

Place of employment of the first defendant: DCSO Po. Box 196383
Nashville TN - 37219 - 6383

The first defendant's address: _____

Named in official capacity?     ☑ Yes     ☐ No (cannot)
Named in individual capacity"    ☑ Yes
(yes)

2. Name of the second defendant: WARDEN DAN WEI KAI

Place of employment of the second defendant: Davidson county, Sheriffs
office

The second defendant's address: PoBox - 196383
N t 37219 - 6383

Named in official capacity?     ☑ Yes     ☐ No
Named in individual capacity"    ☑ Yes     ☐ No

If there are more than two defendants against whom you are bringing this
lawsuit, you must list on a separate sheet of paper the name of each additional
defendant, their place of employment, their address, and the capacity in which
you are suing them. If you do not provide the names of such additional
defendants, they will not be included in your lawsuit. If you do not provide
their proper name, place of employment, and address, the Clerk will be
unable to serve them should process issue.

page 2#

"Continue Page of defendants"

defendant 3# Chief of Staff, Jamie Johnson ~~his~~ his Being Sued IN his official capacity And INdividual CAPACITY.

defendant - 4# Davidson County' Sheriff department Medical Dept ect all defendants couses feel Responsible. Sued In there official and Individual Capacity. Po. Box 196383 Nashville TN - 37207.

defendant -5# C/o Micheal Grankin, his Being Sued in his individual and official compacity Po. Box 196383 Nashville TN - 37207.

defendant - 6# ~~~~ C/o Northam His Being Sued in his official copacity Not, INdividual Po. Box 196383, Nashville TN, 37207

defendant - 7# classification Administration Responsible for all movements of inmate, Beth Gentry", Thene Being Sued in there official ceapacity Po. Box 196383, Nashville TN - 37207

Defendant DR logAN, medical head Doctor of Davidson county Sheriff department ect all, Po Box 19 6383                       Sued in her official Nashville TN, 37207  Not individual capacity

## IV. STATEMENT OF FACTS

State the relevant facts of your case as briefly as possible. Include the dates when the incidents or events occurred, where there they occurred, and how each defendant was involved. Be sure to include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph. Attach additional sheets, if necessary. Use 8 ½ in. x 11 in. paper. Write on one side only, and leave a 1 in. margin on all four 4 sides.

page-1

#190356

on in around FeB-2012 I INmate Kelvin Radley was housed At the Davidson County Sheriff's Department on the 5th FLOOR housing floor -1B cell at the criminal Justice Center 20 hours A Day lock DowN floor were voilent Really loud Assive Noise INmate making threats towards each other Gangs federal and state Inmates housed together for serious charges from Conspiracy to kill Gun's Drugs Robberies and murders ect. most of them loud 24/7 threats made towards each other also threats made towards me from Gang members and I Inmates K, Radley only coming To to Jail with a tec on A probation viot laptom " A Driving offence these inmates made my time harder to Do because I shouldn't have been around them for Policy or state in federal Guite lines on Jail house Rule for housing, Noisey I couldn't sleep and affiud never made any effort to stop it. I thought why am I on this floor around this type of Bettered and Aggissive voilence, I was IN fear for my life, after Telling A greivence about the Noise IN such Inmates Behavior, my Response was that they are working on the problem, after Staying in 5th -floor-B POD 3 days I was threated By A couple of voilent Gang members Inmates about the phone, and my space, and neglect and loud Noise, I ask to be moved, I was only moved Right next Door to A nother →

## V. RELIEF REQUESTED: Specify what relief you are requesting against each defendant.

A. I want each Defendant to Be Dued at the MAX

B. as this court will Allow 45 far as money $ for all there wrong

C. Doing against me for the mental physical

D. and Nervous pain I Deal with and got to

E. Deal with Day after Day 2 I hope the investigate these Defendant and Help change there policies to help Inmates

F. I request a jury trial. ✓ Yes ☐ No

Thats going through I hope this Court help me Because if these Penole inwrong"

(continue statement of claims)
pg-2#

→ lock Down Pod -5-B to 5-C, were Inmates
Are still running the Pod and threatning
People like myself after Being in 5-C A week
Or so, I ask toBe moved again) Because
of the Aggressive Inmate with nothing to less
and Gangs, after speaking to a classification
officer about the problem I was moved
to the 3rd floor Its layed Back But still
have some Gang members state and Federal
Inmates Are still housed together some
fasing 2or 3 life sentences the 3 floor
Pod-B seemed ok for As I could see
after geting setted making my BED up
Because It was A 8 man housing cell
with -8 Beds IN Each cell Room, But It
WAS 3 -Doors on each Side It
holds 8-man Behind or IN each Door. I Believe
all of this is A constititinal voilation 8th and 14th
emendment, knowing that ones health and safty
Is at RISH IN Doing Nothing ABout It.
defendant Davidson County sheriffs office, criminal
Justice center, official DAREN hall Warden of
Criminal Justice center, Dan weikAl chief
of staff, Jamie Johnson these official Should
Be held Responsible Because they Are Responsible
for the safty, health and functions of this Jail
mates anywere to feel A Bed to make more money

health and saffy rules dont matter. I hope this coust
Put A stop to it and all the indifrence of the defendence
IN this law suite, My complaint is A Journal of evants
But I have rewrote it to make sure it is
Proper against these defendants am sueing, after
I Kelvin Radley was on the 3rd floor B-Pod
about a week or so, I slipped in bath tring
to get in my bed, (Top Bunk area) I fail Back down
IN hit my back on a Irion sink that is Right
next to the bed area after telling the C/o's that
worked the Pod, officer evan's and C/o Braden
about my fall they could see that I was hurt, they
told me to put in a sick call Because I ask if
they could call 4 nurse or someone, office Braden
and C/o evan's called Medical after calling medical
Personal which I think they did, Medical personal said
feel out a sick call, so I I/mate KRadley Did, But
I was sunpose to have Been seen, medical Dept was in
Neglegence of care, I was refused Attention From the
Davidson county sheriffs Department. I was hurt officer
evan's and C/o Braden was there I was hurt they never
came Resp onded to the serious incident, I needed
A Bottom Bunk and every thing DCSO medical Stoff
Disregarded that need so I sleep on the floor
with my matt (Bed). This is cruel and was cruel
and unusual Punishment on DCSO medical Stoff
Behalf and A state violation on DCSO medical
Dept Neglegence of care and delibrate indifference
8th and 14th enverment Violation, they know-

→ I was hurt and in pain and Did Nothing To stop the pain in suffering I use C/o Braden and C/o evans as wittness Because they put A contact note In the Computer about the INcident May fall 3-2-2012, my sick call is also Dated 3-2-2012. A week later STILL IN Pain I still DIDN't see the DR about my fall INcident, Inmates IN the Pod was also making little funny threats like I cry to much, I paiD It No Never miND at that moment But later It Became A BIGGER ISSue, I Inmate K. Radley Plaintiff was IN pain I needed something For Pain IN I told NURSE officer NURSe that I seen walk By the 3rd floor Pod -B area about my INCiDent and that I Put iN A SICk CALL, they told mE medicAl PERSONAl to Put IN A nother ONE (SICk call) So I DID" ON 3-22-2012 I spokE to A Davidson County Sheriffs officiAl Staff NURSE AmendA law rence, I tuld her about my fall and that I had already Put in A sick CAll 2½ weeks ago, Note to the Courts that from the Day of my fall 3-2-2012 until the Day I was saw By A DCSO NURSE ON 3-22-2012 IS 20-days, I Suffered 20-days with no pain medicatien OR x-Ray OR any Attention, ~~~~~~~~~~~~

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

~~~~~~~~~~~~~ MS. AmendA said that the officiA

→ that week that 3rd floor pod — might not have called you out for sick call, on 3-5-2012 date of sick call interview" and I said they never called me out for sick call ~~call~~ note to court — SEE Response to claim against defendant medical Department DSCO, ect all CJC EXHIBIT-A this is a reply and I feel and see IS A omissions of Guilt on A Neglegence State claim also constitinal violation of the 8th and 14th Ensendment claims cruel and unusaul Punishment, and this honorable court should also issue process feeling and seeing the same. this exhibit is a contact Response on Grievance letter head on DSCO By S. SHAVERS ~~class~~ "RN" in contract moniter her return Response on medical Issue 3-23-12 )

It proves they never responded to my sick call and that I never sign a refusal, or put my name on a Refusal Form on the sick call it self. the officer or nurse never signed the sick call Either This is in voilation of my rights state and federal by, evidence. after that Ms Nurse Lawrence put me Down to see the facility ~~doctor~~ medical specilist) , after speaking to this nurse I went Back to my pod. 3-B. End of claims for today 3-27-2012 ) (continue claims note to the courts that earler I mentiened that A couple Inmates mad fun of me saying I

was that they was Gang members and they wanted

my commissary I was like no so I ask to move. I ask C/o Braden check computer notes on movement around 3-22-2012; I told C/o Braden please Get me move cause haveing problems, IN here with A couple I/mates, He told Mr to get my Stuff IN count on. after living third floor B-Pod Dealing with state and federal Inmates Housed together very voilent facing many of Year's, I was moved to the 4th floor Right Back around the same type of Inmates But I had ask officer C/o Braden if classification Could move me to A medical floor two A Bottom Bunk Because of my Back Injury" Instead I was moved to A Floor like the 5th floor locked Down 20 hour's A Day) You Came out with 15 OR 20 other voilent Inmates For two hour's, in the Day Time, and 2 hour's and the evening, this IS your RECK, while out with these voilent other I/mate A None voilent inmate like myself Could Be at Risk of A Assult on my person or A homicide victim never know) Rut the fact Remain that the threat was well at hand this is also A 8th Emendment and Should Be A 14th Emendment Voilation" Because it post A threat A 90% percent chance of threat from these other I/mates Because of there History of Assults in Voilence within the Jail 5th and 4th floor I/m'h tes"

A week OR So after Beits on the 4th Floor

→ INMATES on 4- FOUNED that Inmates
Down STAIRS on 3-B had Beef with ME
Because I was Aproch By one t/y
Dont RECAL his name or know But He
asked what was my Beef with his homie
I Replied No Beef with No one, and then I
Started walking towards the officer that was
working the pod to let him know that
no one has put there hands on ME But A couple
INMATES has made A simple threat towards
me while I was saying that, the officer
Said, You R. Rackey I said yes, he said
Go to medical they need you, and talk to me
when you get Back, I went to medical, after
speaking with Dr login she said that she
would put me down for A x-ray, even
thoq. defendant DAREN hall, Warden, DAN
Weikof, and chief Jamie Johnsons DiDnt
have Direct knowledge of my
Movement to the 4th floor were more
violent offenders are, they still are
Responsible Because they are Responsible
for the official function of the Jail
So they should have knowledge of
any wrong doing or any thing in this Jail.
after also speaking with DR
logan I ask why It take so long to see me
ON Sick calls, I feel that there actions Together

→ The Davidson County Sheriff medical Department IN Dr logan Should BE as official Because they Employ her I feel that her official capacity and DCSO are together, A State A claim on her Because it took so long to see her as head Nurse after she saw my first Sick call Dated 3-2-2012 about my incident as head Doctor she should have Done Some thing about It also after the Grievance I Put It they knew of my injury in Did nothing To help it, they took there own time hurting me and Pain, They never called me out on my first Sick call one mistake, Exhibit -A 2- they never Seen me the Day it first happened when I fail, also They never proscrib me no type of Pain medication or gave me treatment 3-2-2012 until 3-23-2012 A couple weeks with no pain medication until I seen Nurse lawrance, Dr logan Should have known she's Being Sued in that minor as head Dr, Dr logan also told me that the nurse that Said I refused Sick call on 3-5-2012 Quite, not only work at DCSO facility CJC, this I think will Be foul Play, may Be tring to cover up my major Injury, Review Sick call notes in medical file on 3-5-2012 in check to see who unknown Nurse was Because even if she Quit →

→ I still State A claim Because DCSO employed
her, It wasnt my fault I wasnt called
or told that she needed to see me for sickcall
that I had signed up for, Note to the Courts
that It is involution of her unknown NURSE
IN DCSO CJC Because of the EXHIBIT-A Response
on my Grievance Some one was was wrong
And It wasnt me) Pure evidence, DCSO medical
Department is IN state and federal voilation, neglegence
and 8th and 14th Emendment voilation, NURSE never
signed Sick call or officer that is Per DCSO Policy
Do How Did I Refuse my own treatment When I
Never was call or seen any one, they are in voilation
of there own sickcall policy precedure, not
Properly handiling I/m sickcalls medical Request
they Never called me" then they lied on Responded
To one of my Grievances, Please note that my
Original Grievance on this Issue I was told I
Refused, Review Grievance file at institition Because I
misplaced that one for evidence, But I Pray this
honorable Court Review Grievance Records
also Response on head EVIDENCE omission of Guilt
EXHIBIT-A note By Staff member S.
shavers It took almost 3-weeks for
A x-Ray, if I injured my Self on the
streets and needed fast Attention I
Could Get it, A x-Ray Pain medicin
Ect, But out of there improper medical CARE
OR them Simply Being behind there problems

→ I was forced to write, cruel and unusal Punishment) Exhibit one I filed Because of Not Being treated with Proper Pain Medication and still ant and my nerves In my Back also Could Be Damaged am filling Sick call to check on that But Exhibit one is there Response saying x Ray shows No Bone Damage Its fine, But am Requesting A Nerve Damage SKAN, I was told on A Respond Back on my Request for pain medication on sick call By A Nurse Ansy Review medical Records She Spoke to me and Said I Ibprofen is all I'll get In thats it, after speaking with me she left. Any way after speaking to Dr MS logan I returned to my floor. while Back on 4th floor O-Pod lock Down Pod 20 hours A Day I BROKE DowN In went on Suicide watch from Stress and pain from my Injurels and depression flushtration and mental suffering in physical suffering my mental State was off I recieve treatment At mental health Corporotive in nashville TN, for stress and Polar problems I Grow up with A Depresion problem I Be up Some time Some times I Be Down and what I went through and what am going through ant making It no Better. I pray that this court Deal with these defendants, Because OCSO want Procride meds I take at mental health Corporative, also Its hard to sue mental health Doctor or medical on that Issue Becaust of

There well to give you what they think You need, But For Dening me medical Attention on My Back in Refusing me treatment and lieing, ~~the~~ DCSO has failed to provide me Proper treatment after Being on Syke watch for 24 hours they let me off But Put ~~xxx~~ ME Right Back upon 4th floor around the same I/mates loud 24/7. I Recieved no sleep at times After Being Back on 4th floor less then 24 hours I Ifmate K. Radley was threated once again by A Nother ~~xxx~~ voilent I/mate Ifmates sent word from the 3nd and 5th floor That they Dint finish ~~xx~~ dealing with me" So I told CJC official to please move me again, So they moved me, me thinking they well move me To the Gym or ~~xxxx~~ ~~xxxxxx~~ At CWC OR Blackwood HDC facility A nother DCSO facility" But I was moved Back to the 5th floor, Note to the Courts that I already had problems on this floor, But staff moved me Right Back around trouble, Knowing of Known threats and incompables I previously had on this floor. this is. A nother serious voilktion 8th and 14th emendrat knowing of Risk of harm to ones safety in not Doing any thing to stop It or puting I/mate life in Danger and Delibratly Knowing state of

Case 3:12-cv-00403 Document 1 Filed 04/24/12 Page 16 of 51 PageID #: 16

to Know that I had already had Problems →

on this floor, the contact computer notes will show this as evidence on this claim against DCSO, defendant DCSO, chief of staff, warden, also sheriff official Daren hall, in there official capacity there responsible for all the opanation health and safty of all Inmates, They moved me Back to a floor the 5th floor I thenk diliberatly Because they had to have none as there palicies consist of them check for Incompables, Dealing with the stress of this in them moving me Back on this floor, is stressful Am in fear for my life thinking at any time Some one could hurt me or Even Kill me, Because of there faults" A couple Days telling ~~~~~ them they have made a mistake to move me Because while there mistake went on, am telling them that am in fear for my life and that I Got Incompables on the floor in to move me, I stayed on 5th floor 2 days and my ceil I never came out, I Spoke to a sgt and told him, once He check the computer after me telling them I had once Been up there with threats made towards me, I was finally moved, I was put in the segregation unit on **pedding** Add MAN" Because classification officers say they had no were else to move me" due to my Incompable s, I feel that if am sent to a Non-violent pod with None violent Inmates or lesser Inmates and Gangs I would Be fine, A History Report →

as I/mate voilent offenders and Gang fights and
Violent Behavior need to BE surponed from the defendants
official head of security chief of staff Jamie Johnson
about this Behavior, This Information will show
To the court such voilence in this Jail and why's
I've had run in Years ago in this Jail, note to the
courts A couple fights, But as like Exhibit - B and
C, I was only trying to defend myself, I was convicted
once out of A think lies. Anyway this information
need to be reviewed from the defendant chief of
Stuff, this type of Behavior go on from housing real
Bad voilent gang members around none voilent offenders
None gang members, thats dilebirte indefrenel and
Knowing of Risk of harm to I/mate health and
safty 8th and 14th Emendment voilation, I/mate
some times fight and staff some times do nothing
But look and tell them to hurry up clean up in
Go in there cells cause they ant seen nothing,
note to court, CJC DCSO facility is in always over
crowded they Are not using Proper Policy Precudure
to contral there voilence or Gang Polulation, I
I/mate K. Radley want to Do his time in Go home
how can I when you got Inmates working with
Staff and staff working with the Gang voilent
offenders, I've Been called a snitch, I cry Baby
and A lot of things By staff in I/mates, ~~officers~~
by the facility Being over crowded So they Putting People I/m
ates in danger were I feel thats Against State and federal
law, when some can be done about it. ON - 3-26-201.

I was called out my cell or looking out my cell 4-A pending Addmen" to take A X-Ray of my. Back, which I sustained on 3-2-2012, Its Been almost 15 days IN am Just now getting A X-Ray. Negligence of care State law violetlonon defendant medical Department. Am in Pain And not Being Inscribed the proper pain medication defendant official Daren hall, wardens, Dan Weikal and chief of staffs, Jamie Johnson all need to Be held Responsible for the Actions of not Properly training, these officers as far as to Deal with the major long situation off in DCSO CJC facility, Because I was move Back on the 5th floor around the Same voilent Inmate that had threatening once Before, It was dileberate on classification DCSO facility Department that house Inmates and Review these Points And custody Status" also deliberate on DCSO medical ect DR logan and CJC Nurse staff, to give me A X-Ray 3 weeks after my fall, I know it aint Broke But the pain I feel Feel like NERVES, thats inproper medical Negligence Of CARE. Am in Pain Daily Sence my fall" Ive only Been given IBleufen) A minor Pain Relief" I also signed sick call sence my fall I was told Noted as previous said in Suite By A MS Amy that said I B Profen Is All I Get. See EXHIBIT-7 after Filing A Grievance after sick call Request interview with DCSO MS. NURSE AMBER I feel like my life or health At this facility to the courts note to claim I Dont →

Think THAT DCSO medical staff or officers take your life SERIous, hopefull this suit will help change some of the precudures and policies also in house your living AREa Rules, and this facility and hopefully the courts will Rule and my Behalf and favor against the defendant, I hope process will issue NO Imate should have to wait 20 days or more To see A Doctor after A major INJORy like mine. My Back still hurt even after the x-ray, Something is wrong my Nerves are Bad or Some thing is Damage In my Back it hurt, Note to courts I shouldnt have to file A Grievance, I was told In the beginning now I Refused treatment But and Grievance Responce EXHiBit-A, I Dion't Refuse Sick Calf "End of claim for Today 3-25-2012" Continue claim Anyway to Add to lawSuite 8th and 14 emend ment voilation, against C/o defendant Graulas, Micheal and chief of Staff, Warden, and Sheriff head official Daren Hall on 3-26-2012 I I/mate K.Radley #190256 PlainTiff was housed At the DCSO CJC facility on the 4th Floor A-Pod when C/o defendant Graulas,M pulled me out for Reck with a Nother I/mate Name Keith moore, I later found out he was A Voilent I/mate on Add man max for disipinary Reason while I I/mate K.Radley was out on Reck with this I/mate, I was on the PHONE Talking to K.Radley moore came up Behind me, and hit me In my face. also on my

ARM with the Iron hand cuffs, he had on.
when you and A segregation unit, exspecially A
Max Inmate you always Got to Be hand
Cuffed, So I feel he used the cuffs as A
Weapon, He Swung hiting me frest in the
face then on my Arm, Blood shot out
of my Arm from the cuts, from the hand
cuffs that I feel he used as A weapon
I was In fear for my life, He kept
trying to hit me, I had to struggle with
him to get him up off me - See Exhibit
B and C write up Report on the Assult on my Person
and Exhibit-C when I was found not guilty
Because of his confesion to the Incident,
note to the courts Defendant Graulay wrote
me up Because I think to Save his SoB
Because I/mate K. moore should have Been
Reck alone house alone Because of his
Add man Status, C/o defendant Graulay came
In Broke up the Incident with me and
I/mate K. Moore Medical was called, I
Told C/o Graulay that, I Request to Go Ahead
as of DCSO Policy and my federal Rights to file
A Police Report and A incompatible on I/m K.
Moore, Because of my Injuries, I/m
K. moore also Admitted to C/o Graulay that he
Case 3:12-cv-00403  Document 1  Filed 04/24/12  Page 21 of 51  PageID #: 21
Started the fight by Assulting me while I was
on the Phone" he also told C/o Braulay the C/o

D-Board Investigater officer that he also assulted ME, check D-Board Summary Exhibit.-B this in evidence against DCSO official Staff warden, chief of staff also sheriff Daren Hall, there Responsible for the operation and function of DCSO Jails and Responsible also for every officer action under there Supervision, Betting the assult on my Person I still was wrote up for fighting C/O Graulan, Micheal and C/o Collins Dident respect or honer my DCSO Right as A Inmate Review inmate hand Book, note to correct claim against Dcso all official Responsible of further health and Safty of Person "Sheriff department, warden, chief of Staff, Because evidence State Inmate hand Book. Rule 17# Reporting crimes If you want to Report A crime committed Against You By a nether Inmate Ask to see the lieutenant or other Supervisor on Duty At your facility. You will Be escorted to the district Attorney's Screening office to Ask for A warrant, or Be Allowed to use A Free Phone to Call the police and make A Complaint This Right was with held from me" By staff" Pictures was tooken of the assult on my Person of my Arm which was cut, of my face which was cut also in swollen, Chin, Because of there Action this is a constititional violation

Disciplinary "infraction Review Disciplinary
Hearing Summary Report EXHIBIT-C
EXHIBIT-C Shows also his confetion of the
INCIdent, the assult on my person also
was witnessed by several I/mates I/m
Travis Talbert he was In my pod cell-3-4
and I/mate XAViON UNDERwood #416558
he also WAS A witnesses In my pod cell-11-12
Both I/mates ARE also on my write up as
witnesses. I Pray with this evidence against
defendant Brewker that Process Issue claim against
him and all officials the courts Now are
Responsible, think think the head officials
Serrif defendant DAREN Hall, Dan Weikal, Jamie
Johnson all these defendant ARE responsible
for all faction safty In help of all I/mates
I was Denied A "write to file A Police Report"
I J/m K. Radley #190256 Plaintiff 3-27-2012 the
Next Day on 4th Floor A Pod maximum Security
Came out for Reck on First shift By myself
like what Should have happened on 3-26-2012
day of my assult Incident. Today 3-27-2012
I Saw segregation Review Board, ms classification
Cordinater Beth Centry, Jeff Rhumbs, Co counsor
MS Dixon and 3 other staff members that I
haven't seen Befor But there Names are not
Important to the claim. But I/ Kelvin Radley
Told the Review Board about the assult on
my PERSON, While I was out on Reck By I/mate →

Keith moore, they the Review ask was I/mate
moore my cell mate I said No, Note to the
Courts I think that they ask me this Because
of there Policies, I don't Believe he even surpose
To even be out his cell with me. I ask
to get out the hole review Board said that
if I beat the write up, they'll let me
out, I said to them that I/mate K. moore
assulted me and confessed to C/o defendant
Onaylan why, was I wrote up, I should have
Never Been wrote up" Review Board said
they agree and they would also talk to I/m
Keith Moore, pod officer took me Back to
my cell, then they breng out INmate
Keith moore after they spoke to him
I/mate K. moore came Back In Front
of my cell Door in said to me that He
was sorry for hiting Me, starting our
Ancident and that He told them that He
he started the hole thing, He told Me He
was mad I had the phone and that He Black
out and also DCSO not Providing his medication
He said HE take meds on the streets But
they want Give it to him But He SORRY"
I told, This state A claim against Defendants
medical Dept
also, Note to the courts He also confessed to more
DCSO staff official of the Review Board "I
Told I/mate K. moore that I feel Bad for →

him, not recieving his pills, But he wrong for hiting, assulting me, Because am in fear of my life, even thog He told the Review Board that He hit me and started It all, I Still was wrote up for Defending myself" By Defendant Grauley Micheal, the courts should get the Statments from each individual staff member on the Review Board that was working on 3-27-2012 here at the dawson county sherriff office criminal Justice center defendents, aBout what was told to them By Ilmate Kimoore aBout the Assult on my Person, note to courts this evidence Will help support the Claim I got Against head Prison official and staff on 8th and 14 emendment voilation also for not allowing me to file A police Report, It Show State of Mind of the defendants, and these employees also, if posible, note to the court Could I Bring A Nother suite against Review Board for knowing of my assult first hand By my Assulter and not Doing anything to help me with my Progress of Filing my police Report, Staff I think kept me in the hole to hide the incident But me filling Grievance aBout It I think what made them let me out of hole, I Beat the write up. since

Incident no action has Been taken against c/o Grauley and my Grievance hauen't Been Responded →

I Ask this honorable court to review all
Files from every CSC Staff member that
heard I/m K.moore tell them he assulted
me, I think and Know that C/o Grawlow, nl
deffendant, wrote me up two cover up
his wrong Doing By leting I/Inmate K.moore
out to Reek with me, I was found not
Guilty of the fighting offense see Exhibet-C
Attach Documents. 2 Inmates that is not housed
Together can not Reek unless they are compabes
how could me and I/mate K.moore Be
compable when He got A history of off set
Bettavior write ups and he's A voilent offender
that what He was incarcerated for he also
was A Displinacy offense Add man Max Inmate
note to the courts, Defendent DCSO Should
Provide I/mate K,moore Records for review
on this Claim, 8th and 14 emendment violettons
Risk of harm to I/mate health in safty,
against Defendant Grawlow and sheriy, Dowen
Hall warden Dan weikal, and chei fof
staff Ota Jamie Johnson, these official
are Responible for operation of DCSO CJC
facility and there for should have none
from Grievance on this matter. I was
Not Release from the hole Because of staff
and defendant hiding me Back in SegragAtion

Case 3:11-cv-00401 Document 1 Filed 04/24/12 Page 26 of 51 PageID #: 26
to File Suit on all there wrong Doing from my Back→

to my health and saffy issue to my assult
them failure to let me file A Police Report.
Just By him still being in the pod with
me cho after our incident note to the
Courts Exhibit-B state that we now
after our incident are incompibles
why is he still or am I still in the
Pod with him, Note to court this also
should Be A voilation of Some type of
Constitional Voilation Because I Got to look
At him every Day) I feel Disrespect
this is mental Stress, pain and suffering
all of this, I pray and have faith that
this honorable court Suponce all staff
members that knows of the wrong
Doing on my Behalf As witness against
the higher official, By law I have right
to file a Police Report there own policy
State this in the inmate hand Book see.
(copy sent of DCSO hand Book ) Exhibet-2
CJC DCSO Employees of the state, Do A lot
of stuff around here, putting Inmates in danger, Not"
~~~~~~~~~~~~~~~~ Reporting assults" As
I continue to suffer me and A lot of Inmates
At this facility are suffering that really need
medical treatment and mental treatment and
proper Safty from voilent Inmates and Derty
Jail officials ON -3-29-2012 officer C/o MR
Northan A ~~~~~~~~ Couple Days after My Assult

Brought me out OF My cell for ruff
Reck, I was hand cuff IN leg cuff IN
Put IN the holding CELL, waiting area, C/o
Northan also Put A I/mATE name Talor
In there with me afto he was cuff and
leg cuffed also his cell was 1-2 he's
my wittness to C/o Northan mistake also
to prove that staff are either puting I/mates
life at Risk on purpose or out of mistakes, Becaue
Becaue C/o Northan also Brong out I/mate moore
IN Put him Right Back in the cell with
me puting my life Right Back at risk" C/o
Northan Relized what he had Done and
took I/mate moore out the cell with
me after He relize what he had Done.
HE relized we was emponpalikes Due to
the assult INcident on 3-26-2012 on my
person. ON 3-29-2012 I met with D-Board
Sgt hindsley, after telling him what
happened and that he confessed to
staking the Assult I/mate K. moore
to I was told By sgt hindsley that he would
talk to my wittnesses and then give me
his Desion on my write up, I told
Sgt hindsley also that C/o Northan Just
Put us Right Back in the cell together
after that I went to Ruff Reck me

K. moore
Went IN to D-Board hearing, ———>

I/mate Keith moore confessed to the
hearing officer about the Assult on
my Person and he also told them
he Started it By hiting me while
I was on the phone, see exhibit — C
D-Board hearing investigation is Recorded
so what ever wote to court I/mate
Keith MOORE told them, I want the
court to Review tape Recording for
my claims against Defendant Crawlow, M
and the warden, MR Pareo hall, and
Cheif of Staff MOORE Jamie Johnson
8th and 14th Emendment Voilation Because
also sdgt PCSO official Should have
let them know of the Assult By Policy
But even thoa on the same
Day 3-29-2012 my cudle up was
Dismissed I was found not Guilty, But
I was still held in the hole until 2½
weeks later I feel All claims this court
should Issue process, now that Am
out the hole I hope and Prays this
Court Investigate my Suite and
my medical Issue most Because am still
in pain in need Proper treatment I need
A nerve scan they want Give me one, end
of Claim) Please issue Process on my claims

the Court to Respond
or contact Defendant Parenhall so I can file A Police Report on him

when I was let out the hole at CJC
DCSO facility I moved to HOC-Hill facility
Still Ran By DCSO, I stayed IN Pod-A
for A week and then I Plaintiff Kelvin
Radley was moved out to the metro
CCA facility on 4-16-2012 while here
I told mental health Specialist aBout
what had happened to me about the
Assult at the DCSO CJC facility and Back
IN Jusy and how they miss treated
me and voilated my Constitutinal Rights
8th and 14th emendment and there own policies
I should him the actual Grievances
I had Exhibit A and I abort my Back were
also the write up Report with the confession
of I/m K. moore the guy that assulted me
after Showing mental health Nurse Ass
— my Police work and telling him that am
in pain stress out inalto that
mental health personal at DCSO CJC wouldnt
Prochibe my meds and that I was in need
of medical care mental care and that I
wanted to file a police Report on the
I/mate that Assulted me and how DCSO
Denied me that Right Due process to file
A police Report and medical care, Note
to court claim against DCSO, foe shipping
me to metro CCA to cover up other wrong
Doing and not leting the warden of →

This facility Knowes my Problems
These statements should state A retaleation
claim against DCSO CJC and HDC facilitys
also, they ship me Before they Gave me a
chance to file the Police Report, di'lebrate
Indifference, they Knew and Knew of the
Situation and DiD nothing to Resolve
the problem Now I feel that if I
See K. moore my assulty again, He could
Kill me and no restraining order would
Be file on my Behalf or assult charge''
any way after speaking to the mental health
Assissent, I was put on watchin medical
the mental health Special is not envoled
with DCSO CJC or HDC, But he now have
Seen my paper work Disiplinary Report—
Exhibit -B and C to my Assult And
wrote to the court He should also Be
A witt ness and I think under State
law he should Be envoled with me contecting
the warden of CCA and the police, I
Plintoff put A Grievance in to the warden
and chief of staff here at CCA telling
them also About my Back issue in Assult
ON 4-17-2012, I also filed A Sick call
About my Back also and my head and
ARm Injury, Note to court Review pictures

on my PERSON, this proves they Knew

# Today is 4-18-2012 @ I I'm Kelvin
RAdley sitting here wondering is my Back
Incident will Get Resolved here at CCA
Because am IN "pain" At around 12:25 AM
ON 4-18-2012 DR. Davis (mental health) heal at CCA put
Me Back ON my Respidal and elivel
Syke medication and which I Really
Needed this also shows that CCA
Medical mental health Doctors Was also
IN Negleglence I might Add this claim
ON affer process issue with my other
Claims, affer speaking also with DR. Davis
I was moved Back off medical
observation Back to General
Population Back to X-unit, I also put
A nother sick call in under CCA metro policy
Because Am still IN need of treatment for my
Back in my Head, my head keep hurting from
A Assult on my person, my Back hurt from A fall
Injury, I filed sick call 4-18-2012) I was seen
By Nurse at CCA aBout my Back injury in was given A
Strong medication] SEE EXHIBIT-I Refused pain medication FROM DCSO med#
NOTE to claim against DCSO, also Put
Back on mental health meds for stress, I would like to
Go ahead and file complaint with Head Suite with these claims

Warden Here, Note to courts should Allow me to file Police Report

~~Dr. Honorable Court~~

Against I/mate Keith Moore after this honorable court Review Statement wittnesses and vidoe and Audio Recording of Acual Assult and The audio tape of him K. moore confessing to the D-Board Staff at DCSO CJC MR. Hinsley and the Review Board for classification Beth Gentry and ~~said~~ the Actual officer that ~~seen~~ also wittness his confession and the C/O that Put us out to Reck together C/O Granbury" Micheal (defendant) ~~after th~~ and after Superoing them for writing statments and Responses and Reviewing exHibit -B-and ~~sess~~ write up wittness statements and not Guilty Summary Report how Could they not Know and Do Something About It, note to the courts warden and chief of staff here at CCA need to Be notified By law in though proper precudure to allow me for my Safty when am Released to let me file A street charge on this Guy Befor they end up combined defendants with DCSO CJC, HDC facility, I want Justice I Want my Rights to Be process Due Process and my civil Rights Amendment legal united States citizen. Endos complaint. Please Respond. God Bless.



# DAVIDSON COUNTY SHERIFF'S OFFICE
## GRIEVANCE RESPONSE FORM

To:        GRIEVANCE COORDINATOR

Date:   March 21, 2012

From: Investigating Officer:   S SHAVERS, RN

Position:   CONTRACT MONITOR

Re:     Inmate:   RADLEY, KELVIN

CIS No.   601841

OCA No.   190256

Functional Area:   Medical

Officer:

Grievance No:   175595

Description:   Waited for Medical

Response:   Radley, K 190256

Original grievance number and date: 175205; 3-6-2012

Inmate claims he has filled out sick calls twice and has not been seen for his back.

This grievance was not sustained by K. Sugden-Kundar, RN DON

Appeal grievance number and date: 175595; 3-22-2012

Inmate claims he did not refuse sick call regarding his back and he feels his rights have been violated.

According to ERMA the sick call dated 3-5-2012 stated refused by the nurse. On the sick call sheet there are no nurse or inmate signatures, the nurse and the inmate are to sign the refusal or if the inmate refuses to sign an officer and the nurse sign. According to the Progress Note in ERMA dated 3-19-2012-Inmate was attempted to be seen but was in court. Inmate needs to place another sick call to see medical. Contract monitor cannot sustain or not sustain this grievance due to proof of inmate refusing sick call or not being notified by the sick call nurse.

Investigating Officer: _____    Date: 3-23-12

Inmate: _____    Date:

# DAVIDSON COUNTY SHERIFF'S OFFICE
## GRIEVANCE RESPONSE FORM



(EXHIBIT—I)

CJC
4A-3-6

To:      GRIEVANCE COORDINATOR

Date:   April 06, 2012

From: Investigating Officer:   LKASTAN

Position:   RN/DON

Re:      Inmate:   RADLEY, KELVIN

CIS No.   601841

OCA No.   190256

Functional Area:   Medical

Officer:

Grievance No:   176189

Description:   Medication

Response:   In your grievance you did not give the date of the sick call you are referring to. However, I reviewed your chart, and a recent sick call was noted for which you were ordered prescription only strength ibuprofen. A very recent spine xray was also noted showing a normal result. If your ibuprofen therapy is not helping your pain, you should sign up for another sick call visit.

Unsustained

Investigating Officer: _Laura Kastan RN/Don_    Date: 04/06/12

Inmate:      Date:

SH00019
Rev. 1/99

# DAVIDSON COUNTY SHERIFF'S OFFICE
## Disciplinary Incident Report

*Exhibit*
*(Evidence) – B*

**Re:** KELVIN MONDRELL RADLEY (601841)

RECEIVED
IN CLERK'S OFFICE

**Incident Id:** 166686  **Incident Location:** CJC 14  **Incident Datetime:** 03/26/2012 19:40

**Incident Type:** Inmate on Inmate Fights (IIF)   **Note:** No force used.

APR  6 2012

**Staff Preparing Report:** Graulau, Michael

**Report Datetime:** 03/26/2012 19:52

U.S. DISTRICT COURT

**Supervisor Notified:** SGT R COGDILL   MID. DIST. TENN.   **Datetime Notified:** 03/26/2012 20:25

**Incident Details:**

On the above date and approx time while conducting oct in quad 1 Cpl M Graulau had taken I/M Moore,Keith #595994 out of the shower area and placed him back in quad one where I/M Radley,Kelvin #601841 was using the phone. I exited the quad and as I did I overheard I/M Moore ask I/M Radley if he could get another call in on the phone. I then heard I/M Moore say "its like that?" and heard scuffling coming from the quad. I ran to the quad and saw I/M's Radley and Moore trying to hit each other. I yelled to the other officers that were just out in the hall that I had a fight in quad 1 and needed assistance. At that time I/M Moore came at I/M Radley and I/M Radley attempted to kick him back off of him. I issued directives through the gate for both I/M's to stop fighting until back up arrived. When back up arrived I entered the quad and secured the back of I/M Radleys jumpsuit and he stopped fighting immediately. I moved I/M Radley to the shower area while C/O's Cruse and White secured I/M Moore. While we secured the I/M's C/O Braden operated the cell doors so they could be placed inside. Once both I/M's were secured I notified SGT R Cogdill and medical. Nurse Kristine checked and cleared both I/M's of any serious injuries other than minor scratches and I took photos of both I/M's. Please note that neither of these I/M's are listed as house alone rec alone or incompatibles. Classification notified to list both I/M's as incompatibles due to the nature of this incident....EOR

**Characteristics:**

**Violations:**

| Datetime | Number | Violation Description |
|----------|--------|----------------------|
| 03/26/2012 20:22 | 13 | Fighting |

**Disciplinary Details:**

**Officer Signature:** _[signature]_   **Date:** 3-26-12

**Supervisor's Signature:** _[signature]_   **Date:** 26 MAR 12

**Inmate's Signature:** _____   **Date:** _____

Inmates charged with rule violations are scheduled for a hearing as soon as practicable but no later than seven days - excluding weekends and holidays - after the alleged violation.

# DAVIDSON COUNTY SHERIFF'S OFFICE

## Investigator's Report

*(evidence)* Exhibit — B

**Re: KELVIN MONDREI RADLEY (601841)**

**Investigator:** Collins, Brian     **Badge No.:** 843257     **Start Date:** 03/26/2012

**Rank:** Cadet     **Comp Date:** 03/26/2012

☐ Act Dismissed     ☐ Inmate Waives Hearing     ☐ Hearing Scheduled

**Comments:** On the above date I, Officer Brian Collins, was the investigator on this incident. Offender, Radley, Kelvin (cis# 601841) stated that he was using the phone and offender Moore, Keith (cis# 595994) swung at him. Offender Radley said that he was just protecting himself. I asked Radley if he had any witnesses and he said yes. He identified offender Underwood, Xavion (cis# 560004), and also offender Tolbert, Travis (cis# 543958) as his witnesses to this incident. I interviewed offender Underwood and he stated that Radley was on the phone, and Moore walked up to him and swung at him, so Radley had to protect himself. I interviewed offender Tolbert and he said that Radley was on the phone talking, and Moore walked up to Radley and swung at him.

### Violations:

13.a.b    Fighting

**Investigator's Signature:** _[signature]_     **Inmate's Signature:** _____

**Date:** 3/26/2012     **Date:** _____

Amy

# DAVIDSON COUNTY SHERIFF'S OFFICE
## Disciplinary Incident Report

**Re:** KELVIN MONDRELL RADLEY (601841)

| | |
|---|---|
| **Incident Id:** 166686    **Incident Location:** CJC - 4 | **Incident Datetime:** 03/26/2012 19:40 |
| **Incident Type:** Inmate on Inmate Fights (IIF) | **Note:** No force used. |
| **Staff Preparing Report:** White, Steven | **Report Datetime:** 03/26/2012 20:37 |
| **Supervisor Notified:** SGT R COGDILL | **Datetime Notified:** 00/00/0000 00:00 |

**Incident Details:**

On the above date and approximate time, Cpl. Graulau yelled for assistance to the officers on the floor. C/O's Braden, Cruse, and I ran into 4A. I witnessed Inmate's Radley and Moore attempting to hit each other (both were cuffed in front). Cpl. Graulau grabbed Inmate Radley and put him in the shower area, while I C/O White put Inmate Moore back into his cell. At this point, the cell door was secured by C/O Braden. Cpl. Graulau put Inmate Radley into his cell and C/O Braden then secured Inmate Radley's door. (EOR)

**Characteristics:**

**Violations:**

| Datetime | Number | Violation Description |
|---|---|---|
| 03/26/2012 20:22 | 13 | Fighting |

**Disciplinary Details:**

| | | |
|---|---|---|
| **Officer Signature:** | _Stv A. White_ | **Date:** 3-26-2012 |
| **Supervisor's Signature:** | _(signature)_ | **Date:** 26 Mar 12 |
| **Inmate's Signature:** | | **Date:** |

**Inmates charged with rule violations are scheduled for a hearing as soon as practicable but no later than seven days - excluding weekends and holidays - after the alleged violation.**


## VIOLATIONS

| Item | Violation Description | Status | Penalty | Inmate Plea |
|------|----------------------|--------|---------|-------------|
| b | Fighting | Not Guilty | No Penalty | Not Guilty |

*EXH Bit*

— C

## REVIEW BOARD

Date / Time of Hearing:     3/29/12 12:42 pm     **Committee Type:**
Review Board Chairman:     HINDSLEY
**Review Board Member 1:**
**Review Board Member 2:**

### Disciplinary Board Decision

| | | | | |
|---|---|---|---|---|
| Hearing Continuance: | N | **Reason:** | | |
| Serve Sentences Consecutively: | N | | | |
| Restrict Visitations: | N | **Start Date:** | **End Date:** | |
| Lockdown Time Mandated: | N | **Start Date:** | **End Date:** | |
| Good Time Revoked: | N | **Number Good Time Days:** | | |
| Gain Time Revoked: | N | **Number Gain Time Days:** | | |

Sanctions Rationale:     BASED ON OFFICERS REPORT,OFFENDERS STATEMENT,MOORES STATEMENT THAT HE TOOK A SWING AT RADLEY

Disciplinary Report Expiration:
Action Taken:     NOT GUILTY

### Review Disposition

Representative Requested:     N     **Representative Name:**
Reason Representative Denied:
Witness 1:
Witness 2:
Witness 3:
Witness 4:
Comment:

### Testimony Summary

Inmate Statement Summary:     I was on the phone he came back from the shower asked if he could use the
phone I said I didnt know and he snuck me I was just trying to defend myself

Witness Statement Summary:     Offender Moore, Keith stated that he was let out of the shower to complete
his OC1 and swung at offender Radley, Kelvin He said that he was just mad because he wanted
to use the phone and Radley was on it, so he swung at him and started it all

Physical Evidence Summary:

Informant Information Summary:

## INVESTIGATOR'S REPORT

Investigator: Collins, Brian      **Employee No:**   20199     **Start Date:** 3/26/12     End Date: 3/26/12

    **Act Dismissed**      **Inmate Waives Hearing**      **Hearing Scheduled**

Comments:     On the above date I, Officer Brian Collins, was the investigator on this incident. Offender Radley, Kelvin (cis# 601841) stated that he was using the phone and offende Moore, Keith (cis# 595994) swung at him. Offender Radley said that he was just protecting himself. I asked Radley if he had any witnesses and he said yes. He identified offender Underwood, Xavion (cis# 560004), and also offender Tolbert, Travis (cis# 543958) as his witnesses to this incident. I interviewed offender Underwood and he stated that Radley was on the phone, and Moore walked up to him and swung at him, so Radley had to protect himself. I interviewed offender Tolbert and he said that Radley ... on the phone talking, and Moore walked up to Radley and swung at him. He said offender Radley was just defending himself, EOR// BCollins\\\

**Inmate Witnesses:**            **Staff Witnesses:**

| CIS # | Name | Housing | Interviewed |
|-------|------|---------|-------------|
| 543958 | TOLBERT, TRAVIS | HDC-CD-C-1-3 | 3/26/12 12:00 am |
| 560004 | UNDERWOOD, XAVION LYN | CJC-4-A-6-12 | 3/26/12 12:00 am |

DID YOU TWO END UP
IN THE SAME HOLDING CELL
AFTER THE FIGHT?

4A

(keep headup)
2 pac

*(Evidence) To my Assult on my Person by other I/m*
*Exhi Bi't*

| JMS #<br>601841 | OCA #<br>190256 | Inmate Name<br>RADLEY, KELVIN MONDRELL | Housing Location<br>CJC-4-A-3-6 | Inmate Plea |
|---|---|---|---|---|

## VIOLATIONS

| Item | Violation Description | Status | Penalty | Inmate Plea |
|---|---|---|---|---|
| b | Fighting | Not Guilty | No Penalty | Not Guilty |

## REVIEW BOARD

| | | |
|---|---|---|
| Date / Time of Hearing: | 3/29/12 12:42 pm | Committee Type: |
| Review Board Chairman: | HINDSLEY | |
| Review Board Member 1: | | |
| Review Board Member 2: | | |

### Disciplinary Board Decision

| | | | |
|---|---|---|---|
| Hearing Continuance: | N | Reason: | |
| Serve Sentences Consecutively: | N | | |
| Restrict Visitations: | N | Start Date: | End Date: |
| Lockdown Time Mandated: | N | Start Date: | End Date: |
| Good Time Revoked: | N | Number Good Time Days: | |
| Gain Time Revoked: | N | Number Gain Time Days: | |
| Sanctions Rationale: | BASED ON OFFICERS REPORT,OFFENDERS STATEMENT,MOORES STATEMENT THAT HE TOOK A SWING AT RADLEY | | |

Disciplinary Report Expiration:
Action Taken: NOT GUILTY

### Review Disposition

| | | |
|---|---|---|
| Representative Requested: | N | Representative Name: |
| Reason Representative Denied: | | |
| Witness 1: | | |
| Witness 2: | | |
| Witness 3: | | |
| Witness 4: | | |
| Comment: | | |

### Testimony Summary

| | |
|---|---|
| Inmate Statement Summary: | I was on the phone he came back from the shower asked if he could use the phone I said he I didnt know and he snuck me I was just trying to defend myself |
| Witness Statement Summary: | Offender Moore, Keith stated that he was let out of the shower to complete his OCT and swung at offender Radley, Kelvin  He said that he was just mad because he wanted to use the phone and Radley was on it, so he swung at him and started it all |
| Physical Evidence Summary: | |
| Informant Information Summary: | |

## INVESTIGATOR'S REPORT

| Investigator: Collins, Brian | | Employee No: 20199 | Start Date: 3/26/12 | End Date: 3/26/12 |
|---|---|---|---|---|

| Act Dismissed | Inmate Waives Hearing | Hearing Scheduled |
|---|---|---|

Comments: On the above date I, Officer Brian Collins, was the investigator on this incident. Offender Radley, Kelvin (cis# 601841) stated that he was using the phone and offende Moore, Keith (cis# 595994) swung at him. Offender Radley said that he was just protecting himself. I asked Radley if he had any witnesses and he said yes. He identified offender Underwood, Xavion (cis# 560004), and also offender Tolbert, Travis (cis# 543958) as his witnesses to this incident.

| Inmate Witnesses: | | | | Staff Witnesses: |
|---|---|---|---|---|
| CIS # | Name | Housing | Interviewed | |
| 543958 | TOLBERT, TRAVIS | HDC-CD-C-1-3 | 3/26/12 12:00 am | |
| 560004 | UNDERWOOD, XAVION LYN | CJC-4-A-6-12 | 3/26/12 12:00 am | |

## VI. CERTIFICATION

I (we) certify under the penalty of perjury that the foregoing complaint is true to the best of my (our) information, knowledge and belief.

Signature: _____ Date: _____

Prison Id. No. _____

Address: _____

_____

(Include the city, state and zip code.)

Signature: _____ Date: _____

Prison Id. No. _____

Address: _____

_____

(Include the city, state and zip code.)

ALL PLAINTIFFS MUST SIGN AND DATE THE COMPLAINT, and provide the information listed above. If there are more than two plaintiffs, attach a separate sheet of paper with their signatures, dates, prison identification numbers, and addresses.

ALL PLAINTIFFS MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*, if not paying the civil filing fee.

SUBMIT THE COMPLAINT, THE REQUIRED FILING FEE, OR APPLICATION TO PROCEED *IN FORMA PAUPERIS*, TOGETHER. Complaints received without the required filing fee or application to proceed *in forma pauperis* will be returned. Filing fees, or applications to proceed *in forma pauperis*, received without a complaint will be returned.

and can be disciplined and/or charged with a crime if you
~ly damage or destroy them or other jail property.

# DAVIDSON COUNTY
# SHERIFF'S OFFICE



# INMATE HANDBOOK

**Effective July 1, 2010**

Λ)
Evidence
EXHIBIT - 2
//
SEE - pg - 9,
paragrabe - 17

...ms and ... ou want to
know more, ask a case manager, correctional officer (CO), or supervisor how to get more information. Changes in this handbook will be posted in your housing area.

While you are here, you have to clean your living area each day, keep all your property neatly inside the storage unit, or "bus tub" you are given and follow CO instructions and jail rules.

Several sections of the handbook mention "immediate family members." That means: husband, wife, son, daughter, brother, sister, mother, father, or grandparent.

## 2. BOOKING/PROPERTY

When you come to jail you will be screened for pre-trial release. You will be notified if you are eligible. A list of cab companies and bonding companies are posted.

The clothes you wore to jail will be put in a property bag with your other belongings, and will be inventoried unless they are bloody or soiled. If this is the case, we will dispose of all affected clothing in a biohazard bag. KEEP YOUR RECEIPT so you can release your property or get it back when you leave. When you are "dressed out" in jail clothes, you will receive:

Females:
| | | |
|---|---|---|
| three pair panties | tennis shoes | two pair socks |
| towel & washcloth | two sports bras | one undershirt |
| shower shoes | hygiene package | one mesh bag |

Males:
| | | |
|---|---|---|
| tennis shoes | towel & washcloth | two pair socks |
| shower shoes | two pair underwear | hygiene package |
| two t-shirts | one mesh bag | |

If you have money when you come to jail, or get money later, you will be charged the actual cost of these items.

You will also receive: two sheets, a blanket, and a bus tub.
Those items and this handbook are jail property. You must return them when you leave the DCSO. You are responsible for your jail uniforms

and linens, and can be disciplined and/or charged with a crime if you intentionally damage or destroy them or other jail property.

All your things must fit in your bus tub. If they don't, decide what to keep with you, because extra property is taken during searches. You may have to give up extra property or pay to ship it home. If you have so many legal papers it becomes unsafe to store them all in your cell, your documents will be stored at your facility so you can swap them out as needed.

## 3. MONEY

Your money is put in your jail account, and you may use this account to buy commissary items. You will get a check for any money left in your account when you leave the DCSO. Offenders on work release status may be allowed to carry money. Otherwise, if you are caught with cash while in jail, you won't get it back until you are released from jail.

Money is taken off your account for your commissary orders, certain DCSO programs and services, or if a court orders it. You will get a receipt when money is taken. If you don't have money, you will get the same programs and services. If you owe fees when you get out of jail and get locked up again later, old fees will be paid from any money you have with you. If money is put on your account, your old fees will be deducted from your account balance.

Indigents: If you have less than five dollars ($5.00) in your account for 30 days or more, ask your case manager to help you apply for free writing materials and hygiene items. You may apply for these items once a month.

## 4. MAIL

You may send and receive letters from outside the jail. Put unsealed, stamped mail in the mailbox for your unit. If you are indigent, the DCSO will pay postage for eight letters per month plus legal mail.

Your mail may be searched. If mail from the courts or your lawyer is searched, it will be opened and searched in front of you. Mail that breaks jail rules is returned. Mail that breaks the law or contains information about criminal activity may be turned over to the police.

What you can get in the mail:
- Pictures.
- letters from people who are not locked up. You may get letters from immediate family members who are locked up, but must prove you

are related. See your case manager to get on the inmate-to-inmate mail list.
- mail from your lawyer or the courts.
- soft-backed books, out-of-town newspapers, and magazines mailed from a publisher, book store, or other commercial source; and,
- money order or government-issued checks.

What you **cannot** get in the mail:
- cash or personal checks;
- sexually-explicit photos of any type;
- Polaroid or other instamatic photos;
- stamps, envelopes, paper, or pen;
- hardback books; or,
- packages of clothes or other personal items.

Mail can come to you from the post office or a commercial deliverer, like FedEx. Mail that goes through the regular post office also goes through the Metro post office, and delivery usually takes at least seven days. Mail to you should be addressed like this:

Your Name and OCA Number
Davidson County Sheriff's Office
PO Box 196383
Nashville, TN 37219-6383

The mail you send out must be in a plain envelope that shows only the name and address of where it is to be delivered and your name, OCA number and return address. Outgoing mail must be unsealed for inspection for contraband. Outgoing inmate mail with artwork, other writing, or contraband will be returned to you or destroyed.

## 5. VISITS AND PHONE CALLS
**Visits**: Visiting schedules are posted in your unit. See your case manager to add or remove names off your visitor list, or to ask for special or contact visits. Names may be changed once a month, as scheduled for your housing area.

Visits will be cancelled or refused if:
- the visitor is not on your list;
- you are on disciplinary lockdown;
- a visitor seems to be drunk or high;
- there is not enough space to visit safely;

## 8. CASE MANAGERS
After you are classified, you will live in a housing unit which will have an assigned case manager. You will have an opportunity to see your case manager once a week if you sign the list.
A case manager can:
- look up your charges, bond, and court dates;
- call or help you contact your lawyer, probation officer, the court clerk's office, the chaplain, jail staff, etc.;
- add or take names off your visitor list on assigned days;
- set up special, contact, and emergency visits;
- arrange extra library time for legal research;
- get you to a phone in a family emergency or legal crisis;
- help you apply for education, treatment, and work programs;
- Provide forms and applications for things like work release, parole, property claims, reclassification, visits, and grievances.

A case manager cannot:
- get your bond lowered;
- take care of outside money matters for you;
- move you to another cell;
- accept packages;
- Take things from the public to give to you;
- help you write out a law suit or give legal advice; or,
- recommend you for parole or probation.

## 9. APPEARANCE AND HYGIENE
You will be given soap, toothpaste and a toothbrush when you are dressed out, and given a chance to shower. You can buy more of these items from the commissary. If you are indigent, see a case manager for help getting those things. If you are on work release there is a charge for using laundry machines. All other inmates receive free haircuts and laundry services.
You can only wear clothes that are issued by the jail, or are allowed to keep when you transfer to DCSO from another facility, or that you buy from commissary. When outside the housing unit, you must wear your jail uniform and carry your identification (ID) with you at all times. The uniform must be snapped all the way shut, and pants will not be cuffed. If you wear the two piece uniform, the shirt must be tucked inside your pants; no sagging pants will be allowed. Head coverings or jewelry, even "homemade" jewelry, is not allowed except for approved medical or religious reasons.

If your jail ID starts to wear out, ask your case manager to get it replaced. You will be written up if you damage it on purpose.

## 10. SAFETY AND RECREATION

**Safety**: Follow staff instructions if there is an evacuation or other emergency. Tampering with safety equipment such as fire extinguishers, sprinklers, smoke detectors, or security doors and locks is a crime and you will be prosecuted. Even small fires can be deadly because of smoke inhalation. Report any fire at once to the nearest staff member.

**Recreation**: If you are in general population, you may go to recreation every day if the weather and facility security allow, unless, for disciplinary reasons, you agree to give up your recreational time to avoid a formal disciplinary action against you. You must wear your jail-issued clothes and shoes. No rough sports or fighting is allowed.

## 11. PROGRAMS AND SERVICES

**Religious** - A schedule of religious services and activities is posted in each housing area and case manager's office. You will usually not have to sign up for religious services. You have a right to practice your religious faith in any way that doesn't disturb jail safety or security.

Your minister or spiritual advisor may visit you in jail. He or she must first call the facility chaplain or the DCSO chaplain coordinator to be approved for a contact visit. The DCSO cannot buy religious material, but volunteers donate many materials, and your minister can usually get other materials to you through chaplain services. See your chaplain or case manager if you need other religious items to practice your faith.

**Library**: You have a right to legal material that helps you challenge jail conditions or your sentence. Each facility has a notebook filled with Supreme Court cases about the rights of people in jail or prison. The librarian will do legal research if what you need on these subjects is not in the library. If it does not create a security risk you may also meet with another inmate for free help with research or filing complaints to the court.

See your case manager if you want to use the law books at your facility. If you need extra time because you have a filing deadline, your case manager will confirm the deadline and see that you get extra time.

Your case manager will also give you forms to ask for legal research, and forms to file a complaint with the federal court if you believe your civil

- a visitor refuses to sign in, be searched, or has no, or fake, ID;
- visitors are not properly dressed;
- you or your visitors act out;
- your floor/facility is locked down during a security emergency; or,
- visitors arrive after the cut-off time for signing in has passed.

Special and Contact Visits: You may have one contact visit a month with your minor children, and must give their dates of birth. You may also ask for a special visit with a family member who has traveled more than 100 miles to see you.

Visits at the CDC and ORC are usually contact visits. You are responsible to set up your own visits within the approved schedule. See your case manager

You may ask for a special visit to the hospital if an immediate family member is in critical condition. If an immediate family member dies, you may ask to visit the church or funeral home to pay your last respects. DCSO officers will transport you in restraints and your jail uniform. The visit must be in this county.

Visits with lawyers and spiritual advisors are usually contact visits. So are visits with people who come to see you as part of their jobs, such as social workers, probation officers, psychologists, and police detectives. You have the right to refuse any visit.

**Phone Calls**: There are collect phones in each housing area. To use them, you will have to set up an account with the phone company. You will use your inmate number to make calls. Do not share your number with other inmates. Calls are NOT private; they are recorded. Staff may listen to calls with anyone but your lawyer. The recordings may be turned over to the police or other agencies if requested, or if the calls show evidence of criminal activity.

Ask your case manager if you need to make a call that can't be collect. Jail staff can't deliver messages to or for you. If you have a family death or emergency, a chaplain, case manager, or other staff member will verify the information and help make arrangements for you to contact your family.

## 6. MEDICAL CARE

A health history and TB skin test are done when you come to jail.
If you have a medical emergency, tell a staff member at once. If you have a medical problem that is not an emergency, fill out a sick-call form and put it in the sick-call box for your housing unit. Use the same form to see mental health staff or the dentist. Medical staff pick up these forms each day. There is always a doctor, psychiatrist, and dentist on call for emergencies.

If you believe your medication needs to be changed, fill out a sick-call form and a doctor will evaluate your request. The nurses CANNOT change your medicine; they can only give you what the doctor prescribes. If you refuse to take it, the doctor may stop it.

If you have money on your account, there is a $3.00 co-pay for certain medical services and medications. You will get the same medical care regardless of whether you can pay.

## 7. CLASSIFICATION

You will be classified a few days after you come to jail. DCSO will assign you to a custody level. Your custody level determines where you'll be housed and what kind of work, services, educational, and treatment programs you may qualify for.

Classification staff considers your criminal history, current charges, past behavior while in jail, and many other factors deciding your custody level. There are three custody levels:
minimum - standard supervision level, double cell or dormitory housing, and normal program eligibility;
medium - moderate supervision level, double cell or dormitory housing, and restricted program eligibility;
maximum - increased supervision level, double cell housing, and restricted program eligibility.

Appeal – You don't have a right to choose where you are housed, but you can ask for a change in security level or housing. Your case manager will send your request to classification staff. You must give the reason you want to be moved. The classification staff will review your record and send a response to your case manager.

Classification staff will interview you to learn if you have an enemy in jail or other special housing needs. If you refuse to go to the area where you are assigned, you will be housed in a more restricted unit and will also be subject to disciplinary action.

## 13. YOUR RIGHTS AGAINST DISCRIMINATION

The DCSO complies with Title VI of the Civil Rights Act which forbids discrimination because of race, color, or national origin in programs, services or activities. This includes all language barriers. If you need to file a Title VI complaint, contact your case manager.

If you have a disability, you have a right to reasonable accommodations related to programs, living conditions, programs, and other daily activities. See your case manager to ask for help or make a complaint regarding needs related to your disability.

## 14. GRIEVANCES

If you have a complaint about a jail policy, practice, condition, or employee, ask for a grievance/appeal form, or write in plain paper with "GRIEVANCE" across the top in big letters. Put it in the grievance box in your area. You have ten days, including holidays and weekends, after the matter/incident you are complaining about arises to file a grievance. That time limit may be extended only for a good reason. You should get an answer within seven working days. If you don't, ask your case manager to check on it for you.

Grievance appeals:  If you think the answer to your grievance is unfair, you can appeal to the facility administrator. You must file your appeal within one week of receiving your original response. Get another grievance/ appeal form from your case manager or correctional officer, or write your appeal on plain paper with "GRIEVANCE APPEAL" in big letters across the top. Put it in the grievance box.

## 15. REPORTING STAFF MISCONDUCT

You have a right to report staff misconduct without fear of retaliation. Most complaints can be handled through the grievance system explained above. If you believe a staff member has, or is committing crime inside the facility, you do not have to use the grievance system to report it. You may contact any staff member to report your concerns.

It is a felony for anyone to smuggle drugs or weapons into the jail. It is also a felony for any DCSO employee, volunteer, or contract employee to have sexual contact with you. Report it at once if any staff member tries to have sexual contact with you, or brings drugs or weapons into the jail. You can go to a supervisor, case manager, or contact the DCSO internal investigations office by Metro-mail, phone, or through your lawyer or a family member. You will be protected from retaliation.

## 16. PREVENTING SEXUAL THREATS AND RAPE

Sometimes inmates may use threats of rape, or commit rape, to control others. If this happens to you, REPORT IT SO YOU CAN BE PROTECTED. There are some ways you can help protect yourself:

- Don't ask for or accept favors;
- Don't borrow money, property, or drugs;
- Don't let other inmates use you as a messenger or to hide or carry contraband;
- If you look young or are small, you are especially likely to be a target. Stay aware of the people around you and how they are acting towards you.
- You will receive a "Sexual Assault Awareness for Offenders" handout during your initial booking process. If you do not receive this information, ask the nurse for a copy.

## 17. REPORTING CRIMES

If you want to report a crime committed against you by another inmate, ask to see the lieutenant or other supervisor on duty at your facility. You will be escorted to the district attorney's screening office to ask for a warrant, or be allowed to use a free phone to call the police and make a complaint.

## 18. JAIL DISCIPLINE AND RULES

**Disciplinary write-ups:** You may get a "write-up" if a staff member believes you broke jail rules. If your behavior threatens jail safety or others, you may be locked down until your hearing.

Your rights: If you get a disciplinary write-up, you have the right to:

- a copy of the disciplinary report and any documents or evidence the hearing officer considers;
- a hearing within no less than 24 hours and no more than seven days after you get a copy of the write-up;
- be present during the entire hearing, unless you act out;
- make a statement and present evidence;
- an interpreter, if you don't understand English or you are hearing-impaired;
- the help of a staff member to prepare or present your case;
- call witnesses, or be given a written reason why you were not allowed to do so;
- remain silent, but your silence may be held against you;
- appeal the decision, in writing, within five working days;
- be found guilty only if there is some evidence that you are;

rights have been violated. The court charges a $350.00 filing fee for civil rights complaints, and the money will be taken off your account.

If you are caught with pages that have been torn from the law books, you will lose library privileges, be written up and disciplined, and may be charged with a new criminal offense for destroying Metro property.

**Marriages:** If you want to get married, see your case manager. You must pay for the marriage license and get your own minister or other qualified person to perform the wedding ceremony.

## 12. TREATMENT, EDUCATION, AND WORK RELEASE PROGRAMS

The DCSO has several work, treatment, and education programs. All have rules for getting in and staying in, and none of them are easy to complete.

**Treatment programs:** Some of DCSO's state-licensed treatment programs offer help that cost thousands of dollars to get in the "free world." Treatment programs are for people who are willing to accept help and work hard to change behavior and attitudes.

You will be required to get up early, keep your living area clean, do chores, take part in group activities, and complete individual assignments. You must also follow all other treatment program rules, which will be posted in the unit; failure to obey them will result in suspension. There are waiting lists for most treatment programs. If you just want to "do your time," with as little effort as possible, please don't take a space that can go to someone who is ready to work toward change.

To apply, you must have at least 60 days left to serve on your sentence. Professionally qualified DCSO staff members lead the programs. Like all DCSO treatment programs, you must be willing to follow the rules and work to help yourself do well.

New Avenues-Healing Journey: This is a gender-responsive treatment program for offenders who are interested in looking holistically at changing their lifestyle around alcohol and drug use. There are a wide variety of other programs to assist you when dealing with life's issues: education, parenting, life skills, etc.

Day Reporting Program: The Day Reporting Program is for offenders who would otherwise be sentenced to serve jail time. It is an intensive

treatment program. Supervision is <u>very</u> strict, and you will have to report to the facility daily for programs such as substance abuse treatment, domestic violence programs, education (including GED), and career development. Either your lawyer or the courts can refer you to the program.

**Work and Educational Release**: Work release lets you earn money at a regular job, but you must return to jail each day. You may qualify for work release if you:
- have been sentenced and have no more charges;
- are within one year of release on your sentence;
- have never escaped or attempted to escape from custody;
- do not have two or more felony convictions for crimes against people or property; and,
- are not a registered sex offender.

You must pay a fee for room and board for each day you actually work. You may also apply for daytime release for education programs, such as college or vocational schools. See your case manager to learn more about work and educational release.

<u>Other work programs</u>: The DCSO has several work programs. State law says you must work if you are convicted. You may be assigned to clean in your housing unit, work in the kitchen, on litter clean-up or landscaping crews, jail maintenance, or other work details. Some work programs also teach a skill or trade. Refusing to work will keep you out of treatment and other programs. If you are sentenced, you will lose credits and be in jail longer. You may also get a disciplinary write-up and lose privileges.

<u>12 Step Programs (AA & NA)</u>: There are Alcoholics Anonymous (AA) and/or Narcotics Anonymous (NA) meetings at each facility. These meetings are free to anyone who wants to attend. See your case manager for more information.

**Education and training programs**: All facilities have GED classes, and you may earn your diploma while you are here if you qualify for that program. The DCSO offers several other training and education programs, such as culinary arts (cooking classes) and computer learning. Please ask your case manager if you are interested.

<u>S.A.V.E. (Sheriff's Anti-Violence Effort)</u>: Is a batterer's intervention program to help you with domestic violence and power/control problems.

- a signed copy of the hearing officer's decision that explains the reason for the decision, the evidence considered, and the punishment, or sanction, if there is one.

**Disciplinary hearings**: These hearings are not trials. You do NOT have the right to:
- an attorney;
- cross-examine witnesses; or,
- call more witnesses than needed.

**Disciplinary Charges and Penalties**: If you are found guilty, the hearing officer may:
- give you a verbal warning;
- restrict your privileges, such as visits, commissary, or recreation;
- order you into disciplinary lock-down for no more than 30 days for one offense, and no more than 60 days for all offenses combined; and/or,
- take away your sentence credits (aka: "dead time").

While you are on lockdown, you can have one hour out of your cell each day, one personal phone call every 30 days, and the opportunity to shower.

**Disciplinary Appeals**: You may appeal the hearing officer's decision by filling out an appeal form or writing it on plain paper with "DISCIPLINARY APPEAL" in big letters across the top. Put it in the grievance box for pick-up. You will get a written decision on the appeal within seven working days. Technical errors, such as omitted date, will not be enough to overturn the results of your hearing. To win an appeal, you must show that:
- you were denied one of your rights;
- there was **no** evidence you are guilty; or,
- the sanction is more than is allowed (see chart below, "penalty" means how many days of lock-down the offense carries, "verbal" means verbal warning).

## Charges and Penalty Ranges:

*(handwritten top margin)* S soups 6.00
4 Honeybuns

| Charge | Penalty |
|---|---|
| Arson | 30 |
| Armed Robbery | 5 - 30 |
| Assault and Battery | 10 - 30 |
| Attempted Assault or Battery | 10 - 30 |
| Attempted Escape | 30 |
| Contraband Possession | Verbal to 30 |
| Creating Disturbance | Verbal to 15 |
| Disrespect | Verbal to 15 |
| Drinking | 30 |
| Drugs – Possession | 5 - 30 |
| Drugs – Selling | 5 - 30 |
| Escape | 30 |
| Extortion | 5 - 30 |
| Fighting | Verbal to 30 |
| Forgery | 10 - 30 |
| Furlough Violation | 30 |
| Gambling | Verbal to 15 |
| Hoarding Medication | Verbal to 30 |
| Horseplay | Verbal to 15 |
| Interfering with Officer's Duty | Verbal to 15 |
| Intoxicated – Drugs, Alcohol | 30 |
| Intoxicant, Possession | 5 - 30 |
| Intoxicant, Selling | 5 - 30 |
| Out of Place | Verbal to 15 |
| Positive Urinalysis | 30 |
| Possession of Stolen Property | 5 - 30 |
| Property Destruction | 10 - 30 |
| Refusal to Go to School (juveniles) | 5 – 15 |
| Refusal to Work (Convicted Only) | 5 – 30 |
| Refusal to Obey Direct Order | Verbal to 15 |
| Refusal to Comply with Urinalysis | 30 |
| Riot Participation | 15 – 30 |
| Sexual Interaction | 5 – 30 |
| Sexual Assault | 15 – 30 |
| Strong Armed Activity | 15 – 30 |
| Tampering with Security Devices | 15 – 30 |
| Theft | 5 – 30 |
| Threatening Employee | 5 – 30 |
| Threatening Inmate | 5 – 30 |
| Weapon Possession | 30 |
| I.D. Violation | 10 – 30 |
| Other | Verbal to 30 |

*(handwritten notes in center/right margin)*
S soups 5.50
S Honeybuns 5.50
S Doughnuts 5.50
16.50

2 Cherry filled
2.20

2 Doritos

11.90
1.30
20.00

6 5
6 5
1 3 0

## 19. General Rules

- No gang activity, names, symbols, or codes are allowed anywhere, on anything. That includes your mail and personal property.
- You must use ONLY your own PIN to make phone calls.
- Make your bed and clean your cell/living area daily.
- No open food or drink containers can be stored in your cell.
- Stay on your bunk and be quiet during counts and lockdown times.
- Do not write on walls, ceilings, windows, doors, etc.
- Pictures, papers, etc. will not be stuck on walls.
- Bunks, doorways, and windows will not be covered.
- You will not barter, exchange, sell, or loan money, food, commissary items, jail property, or personal property with/to any other inmate.
- TV's may be shut down temporarily to restore order. One inmate or group of inmates will not control them. Officers will keep the TV off at night, during count, and at other times when needed.
- Destroying, damaging, or tampering with jail property is a crime. You will be disciplined, and may be prosecuted in court.
- Smoking and tobacco products are not allowed.
- Do not enter any housing area or other part of the building except when staff directs you to.
- When sent to another area, do not stop along the way.
- Wear your jail ID at all times outside your housing area.
- Keep all property in your bus tub.
- Do not talk or pass anything to segregated inmates.
- Do not alter or mark issued clothing or linens.
- You are not to have keys or tools, except when assigned to a supervised work detail, on work release, or when rules at your facility allow it.

*(handwritten list of names)*
Momma
Margie
Chantell
Christie
Crystal
Melissa Williams
Patrice Sherrill
Destiny
Meylori/Sherrill
Damario

Paulette
Evon
Shanori
Ladareas



| S | m | Tue | Wedns | Thurs | Fri | Sat |
|---|---|-----|-------|-------|-----|-----|
| 1 | 2 | 3 | 4 X | 5 X | 6 X | 7 X |
| 8 X | 9 X | 10 X | 11 X | 12 X | 13 X | 14 X |
| 15 X | 16 6:30pm X | 17 X | 18 X | 19 X | 20 X | 21 12:00 X |
| 22 X | 23 X | 24 X | 25 X | 26 X | 27 X | 28 X |
| 29 X | 30 X | 31 X | | | | |

February 2012"

| S | m | Tues | Wedns | Thurs | Fri | Sat |
|---|---|------|-------|-------|-----|-----|
| | | | X | X | X | X |
| X | X | X | X | X | X | X |
| X 12 | X | 14 X | 15 X | 16 | X | 18 Evan momma |
| X | X | 21 X | 22 X | 23 X | X | 25 BIK momma |
| X | X | X | X | 0 | | Evan momma wife |

Christi momma
Margie
Lil BIK
Chantell
Melissa
Pat
Deborah
Joshela
J'heka

Crystal
Paulette
Evan

24th (at home)
momma vi
19th momma Margie
Whitney Houston
Count On Me

March 2012"

| S | m | T | W | Thr. | F | Sat |
|---|---|---|---|------|---|-----|
| | | | | X | X | 3 X |
| X | X | X | X | X | X | X |
| X | X | X | X | X | X | X |
| X | X | X | X | X | X | X |
| X | X | X | X | X | X | X |

Apil

Margie 5th momma     Lil b/k 15th 16 Chantel     Margie 18th momma     Chris 13 w/ Evan 19th 6:30pm