```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

KELVIN RADLEY,                    )
                                  )
        Plaintiff                 )
                                  )       No. 3:12-0403
v.                                )       Judge Campbell/Brown
                                  )       **Jury Demand**
DAVIDSON COUNTY                   )
SHERIFF'S OFFICE, *et al.*,       )
                                  )
        Defendants                )

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.

### BACKGROUND

The Plaintiff initiated this case with a 51-page complaint against nine different Defendants. On an initial screening the District Court dismissed all of the Defendants except for Correctional Officer Michael Graulau, and Dr. Logan (Docket Entries 7 and 8). In the District Judge's order the Plaintiff was specifically warned that his prosecution of this action would be jeopardized if he failed to keep the Clerk's office informed of his current address (Docket Entry 8, p. 2).

Responses to the complaint were filed by Officer Graulau and Dr. Logan (Docket Entries 14 and 20). The Plaintiff filed a reply to their answers on October 16, 2012 (Docket Entry 21). This document showed his address as being the CCA jail facility.

On November 28, 2012, the Magistrate Judge set a scheduling conference for Monday, January 7, 2013, at 2:00 p.m., Courtroom 783. In this order the Plaintiff was again reminded that he must keep a current address on file with the Court at all times, and that failure to do so could result in dismissal of his case for failure to prosecute.

**LEGAL DISCUSSION**

The last the Court has heard from the Plaintiff was his reply to the answers filed on October 16, 2012 (Docket Entry 21). The Plaintiff has failed to provide any additional address to the Court since that time and mail sent to him has been returned as undeliverable. At the case management conference on January 7, 2013, counsel for the Defendants advised that their records showed that Plaintiff had been released from custody and they had no further information concerning his address.

Because dismissal is a drastic remedy, which in some cases may preclude a suit being refiled even though it is dismissed without prejudice, the Sixth Circuit has set out a four part test before dismissing an action under Rule 41(b) of the Federal Rules of Civil Procedure.

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case (1) it appears that the Plaintiff has failed to provide a current address. This act appears willful; (2) the Defendants cannot undertake meaningful discovery; (3) Plaintiff was warned about the consequences of failing to cooperate and failing to obey Court orders; and (4) less drastic measures are not available as the Court cannot contact the Plaintiff and there is no way to move the case forward.

The Court must be able to control its docket and move its cases forward. Dismissal is the only reasonable remedy available other than leave the case in limbo.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be DISMISSED without prejudice for failure to prosecute and to obey Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 8th day of January, 2013.


/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge